UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., | : | CIVIL ACTION NO. 3:18-CV-00780-VAB |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| TRANSWORLD TELEVISION CORPORATION, | : | |
| | : | |
| Defendant. | : | NOVEMBER 12, 2018 |

**PLAINTIFF WORLD WRESTLING ENTERTAINMENT INC.'S
RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff World Wrestling Entertainment, Inc. ("WWE") respectfully submits this response to the Court's Order to Show Cause dated October 30, 2018 (Doc. No. 15).

**I.     BACKGROUND**

On May 8, 2018, WWE filed the Complaint in this action against Defendant Transworld Television Corporation ("TWT"), a Lebanese corporation with a principal place of business in Beirut, Lebanon. The Complaint asserts claims of breach of contract and account stated against TWT and seeks recovery for unpaid television license fees owed to WWE of at least $337,142.98 under the terms of an Agency Agreement between the parties. (*See* Doc. No. 1.)

On May 10, 2018, WWE moved for an order directing service of process on TWT pursuant to Federal Rule of Civil Procedure 4(f)(3). WWE sought permission to serve process by mail to TWT's business address in Lebanon and by email to TWT's Vice President, Fadi Ramlawi. (*See* Doc. No. 10.) On July 31, 2018, WWE withdrew its pending motion without prejudice because it had learned that Mr. Ramlawi no longer works for TWT and stated that it would investigate other methods of service of process. (*See* Doc. No. 12.)

On August 2, 2018, WWE requested that the Clerk of the Court serve process on TWT by registered mail with a return receipt requested pursuant to Federal Rule of Civil Procedure

4(f)(2)(C)(ii).  (*See* Ex. A.)  On November 1, 2018, WWE learned that the summons sent by the Clerk of the Court had been returned unexecuted.  (*See* Doc. No. 16.)

On July 30, 2018, the undersigned counsel had sent a copy of the Complaint in this action to TWT's attorney, Najib Lyan.  On October 18, 2018, Attorney Lyan acknowledged receipt of the correspondence and confirmed that he was TWT's attorney.  Since then, the undersigned counsel and Attorney Lyan have corresponded about a potential resolution of this matter.

## II.     ARGUMENT

The Court should not dismiss this case for failure to prosecute or failure to timely serve TWT because (1) the time limits for service under Federal Rule of Civil Procedure 4(m) do not apply to service on foreign defendants; and (2) even if those time limits did apply, the Court should extend the time for WWE to serve process on TWT.

### A.     Rule 4's Time Limits Do Not Apply To Service on Foreign Defendants.

Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. **This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1),** or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4 (emphasis added).  Rule 4(m) therefore makes clear that the time limits for service of process do not apply to service on foreign defendants.  *See Carney v. Beracha*, 996 F. Supp. 2d 56, 69 (D. Conn. 2014) ("there is no time limit on serving process on foreign defendants").  Accordingly, there is no basis to dismiss this case based on WWE's inability to serve process on TWT within the time period specified by Rule 4(m).

B.     **Even If Rule 4's Time Limits Applied, The Court Should Extend the Time For WWE to Serve Process on TWT**

"[T]he district court must, upon a showing of 'good cause,' grant an extension of time for proper service to be made; and may exercise its discretion to grant such an extension 'even in the absence of good cause.'"  *Taylor v. Norwalk Cmty. Coll.*, No. 313CV1889, 2015 WL 5684033, at *7 (D. Conn. Sept. 28, 2015).  "Courts generally consider three factors to determine whether such good cause exists: '(1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2) prejudice to the defendant, and (3) whether the plaintiff has moved for an enlargement of time to effect service under Rule 6(b) of the Federal Rules of Civil Procedure.'"  *Pellela v. Herron,* No. 3:06CV1484, 2008 WL 2468526, at *2 (D. Conn. June 17, 2008).  "Courts may also extend the time for service in their discretion even if good cause has not been shown.  In this regard, courts can consider '(1) whether the statute of limitations would bar a re-filed action, (2) whether the defendant had attempted to conceal the defect in service, (3) whether the defendant would be prejudiced by excusing the plaintiff from the time constraints of the provision, and (4) whether the defendant had actual notice of the claims asserted in the complaint.'" *Id.*

Even if Rule 4(m)'s time limits applied in this case, WWE has established good cause for an extension of time because it has made a reasonable effort to serve TWT.  WWE had initially filed a motion under Rule 4(f)(3) for an order directing service of process on TWT by mail and by email but withdrew that motion when it learned that the employee whose email address had been provided no longer worked for TWT.  WWE then attempted to serve TWT under Rule 4(f)(2)(C)(ii) by having the Clerk of the Court serve process on TWT but only recently learned that the summons was returned unexecuted.  Accordingly, reasonable efforts have been made to serve TWT within the time limits prescribed by Rule 4(m).  Moreover, there would be no

-3-

prejudice to TWT if the Court extended the time limits for service.  Although WWE did not seek an extension of time to effectuate service, it did not do so because Rule 4(m) imposes no limitation on the time for service on a foreign defendant.  To the extent an extension might be deemed to be required, WWE respectfully requests one now.  In these circumstances, good cause exists.  *See Pellela*, 2008 WL 2468526, at *2 ("The court concludes that the plaintiff has shown good cause for the failure to serve the defendant within 120 days of filing the complaint. The plaintiff made a reasonable effort to locate and serve [the defendant] in a timely manner."); *Cole v. Travelers Ins. Co.*, 208 F. Supp. 2d 248, 258 (D. Conn. 2002) ("The Court finds, however, that good cause did exist to extend the time for service, indicated by [the plaintiff's] reasonable efforts to effect service and lack of prejudice on the part of the defendants.").

Finally, even assuming that Rule 4(m)'s time limits applied and that WWE had not established good cause for an extension, the Court should still exercise its discretion to extend the time for service.  As noted above, TWT has had actual notice of the claims asserted in the Complaint because WWE provided its attorney with a copy of the Complaint, and TWT would not be prejudiced by excusing WWE from the time constraints under Rule 4(m).  *See Schnall v. Annuity & Life RE Holdings, Ltd.*, No. 3:02 CV 2133, 2003 WL 23100326, at *3 (D. Conn. Dec. 13, 2003) (granting discretionary extension of the time period for service where defendant "had actual notice of the filing of the lawsuit" and "discovery had not commenced").

## III.  CONCLUSION

For the reasons set forth above, the Court should not dismiss this case for failure to prosecute or failure to timely serve TWT.  If this case is not promptly resolved, WWE intends to file a renewed motion seeking the Court's permission to serve TWT by alternative means.

-5-

        PLAINTIFF WORLD WRESTLING
        ENTERTAINMENT, INC.

By: */s/   Jeffrey P. Mueller*
    Jeffrey P. Mueller (ct27870)
    Day Pitney LLP
    242 Trumbull Street
    Hartford, CT 06103
    Phone: (860) 275-0100
    Fax: (860) 275-0343
    Email: jmueller@daypitney.com

    Jonathan B. Tropp (ct11295)
    Day Pitney LLP
    One Canterbury Green
    201 Broad Street
    Stamford, CT 06901
    Phone: (203) 977-7300
    Fax: (203) 977-7301
    Email: jbtropp@daypitney.com

    Its Attorneys